UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81260-CIV-MARRA

LYNN GARBER,

Plaintiff,

vs.

WAL-MART STORES, INC., a foreign corporation
and CLIVE PROVOST-HERON, an individual,
jointly and severally,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff Lynn Garber's Motion to Remand (DE 6). Defendant Wal-Mart Stores, Inc. filed a response memorandum. (DE 7.) No reply has been filed. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background[1]

On February 25, 2013, Plaintiff Lynn Garber ("Plaintiff") filed a one-count Complaint alleging negligence against Wal-Mart Stores, Inc. ("Defendant") in the Circuit Court of the Fifteen Judicial Circuit, arising from a slip-and-fall incident on November 26, 2012. (Compl. ¶ 5, DE 1-7, Case No. 13-80306.) On March 7, 2013, Defendant propounded on Plaintiff a Request for Admission asking Plaintiff to admit she was seeking less than $75,000.00 in damages, which Plaintiff denied. (Request for Admission ¶ 1, Ex. A, DE 7-1.) Additionally, on March 21, 2013,

---

[1] Unless otherwise indicated, all citations to the record pertain to the instant case, case number 13-81260.

Plaintiff's Answers to Interrogatories claimed $88,812.49 in medical expenses. (Answers to Interrogatories ¶ 4, Ex. B, DE 7-2.) On March 27, 2013, Defendant filed its Notice of Removal in case number 13-80306-CIV-MARRA. (Notice of Removal, DE 1, case no. 13-80306.) The parties subsequently entered into a joint stipulation of dismissal without prejudice and the Court dismissed the case. (DE 9-10, case no. 13-80306.)

On November 6, 2013, Plaintiff filed a two-count Complaint alleging negligence against Defendant and Clive Provost-Heron, Defendant's store manager, in the Circuit Court of the Fifteen Judicial Circuit arising out of the same incident. (Compl., DE 1-1.) On December 4, 2013, Defendant filed a Notice of Removal. (Notice of Removal, DE 1.) The Complaint alleges the following:

Defendant owned, operated, maintained or was in control of the Wal-Mart store located at 16205 South Military Trail, Delray Beach, Florida. (Compl. ¶ 4.) Defendant Provost-Heron was the manager of the store. (Compl. ¶ 5.) Plaintiff fell while on the store's premises on November 26, 2012. (Compl. ¶¶ 7, 9.) Wal-Mart breached its duty to maintain control of its premises and was negligent in allowing debris to exist on the walkway of its store. (Compl. ¶¶ 10-11.) Provost-Heron, individually and as a manager of the store, negligently and carelessly allowed a dangerous condition to exist on its premises, which caused Plaintiff's injuries. (Compl. ¶ 19.) Provost-Heron, individually and as a manger of the store, maintained control of the specific walk-way in question and breached his duty to maintain the premises. (Compl. ¶ 20.) Provost-Heron, individually and as a manager of the store, was negligent by not rectifying the dangerous situation and/or by not providing adequate warnings. (Compl. ¶ 21.)

Plaintiff moves to remand this action, stating that she has asserted a proper claim against

Provost-Heron and that Florida law recognizes an individual tort claim against an officer or agent of a corporation when a complaint alleges that individual committed or participated in the negligent actions.  Additionally, she contends that Defendant has not shown by a preponderance of the evidence that the amount in controversy is in excess of $75,000.00.  In response, Defendant argues that Provost-Heron was fraudulently joined and that Plaintiff has failed to show that the amount in controversy does not exceed $75,000.00.

II. Discussion

The Eleventh Circuit in Stillwell v. Allstate Ins. Co., 663 F.3d 1329 (11th Cir. 2011) explained diversity jurisdiction in the context of fraudulent joinder:

> An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. When a case is removed based on diversity jurisdiction . . . the case must be remanded to state court if there is not complete diversity between the parties, or one of the defendants is a citizen of the state in which the suit is filed. However, when a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. In such a case, the plaintiff is said to have fraudulently joined the non-diverse defendant.
>
> To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. This burden is a heavy one.

Stillwell, 663 F.3d at 1332 (internal citations and quotation marks omitted).

Here, the issue turns on whether liability can be imposed on Provost-Heron, the store manager.  "Individual officers and agents of a corporation are personally liable when they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents."  McElveen By and Through McElveen v. Peeler, 544 So. 2d 270, 271

(Fla. Dist. Ct. App. 1989). "A corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable." Id.  Put another way, "[o]fficers of a corporation are not liable for corporate acts simply by reason of the officer's relation to the corporation." E & A Produce Corp. v. Olmo, 864 So. 2d 447, 448 (Fla. Dist. Ct. App. 2003); see White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005) ("officer or agent may not be held personally liable 'simply because of his general administrative responsibility for performance of some function of his [or her] employment'—he or she must be actively negligent.")

After reviewing the allegations of the Complaint, and taking those allegations to be true, the Court finds the Complaint adequately alleges that Provost-Heron individually engaged in tortious conduct. (Compl. ¶¶ 19-21.)  While it is true that the Complaint alleges Provost-Heron acted as manager, the Complaint also alleges that he individually engaged in tortious conduct.  The Complaint provides about the same level of detail in the allegations against the corporate defendant as it does against the individual defendant.  These allegations are sufficient to state a claim against Provost-Heron as an individual.  Thus, the Court cannot conclude that there is no possibility Plaintiff can establish a cause of action against Provost-Heron.  As a result, there is no basis to conclude that Provost-Heron has been fraudulently joined and remand is appropriate.[2]

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (DE 6) is **GRANTED.** This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.

---

[2] Based on this finding, it is unnecessary for the Court to address whether the amount in controversy has been met.

The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of April, 2014.

_____
KENNETH A. MARRA
United States District Judge